[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Norman Sanders, appeals from his conviction for murder. In his first two assignments of error, Sanders argues that his conviction was based upon insufficient evidence and was contrary to the manifest weight of the evidence. We disagree.
Sanders argues that there was no evidence that he killed the victim, sixteen-year-old Jerome Butler, purposefully, despite the fact that he had inflicted upon Butler multiple stab wounds. (In Sanders's own words, he "commenced slicing and dicing" with a steak knife once the two began their struggle.) Sanders argues that the jury should have believed his testimony that the killing occurred when the two fought after he had flown into a rage because he believed that Butler was raping a friend of his inside her apartment. Sanders, however, gave varying descriptions of the encounter, and the jury was free to conclude that his testimony including the attempted rape — was a complete fabrication. The jury could also have reasonably concluded that the murder was purposeful in light of the implausibility of Sanders's story, the nature and extent of the knife wounds, and the fact that Butler's body was found missing items of value — expensive athletic footwear, a gold dental band inlaid with diamonds, and a cellular phone.
The trial court instructed the jury on voluntary manslaughter, including the mitigating elements defenses of "sudden passion" or "sudden fit of rage." The jury was also instructed that it could infer a purposeful killing from Sanders's use of a deadly weapon in a manner calculated to inflict great bodily harm. Having resolved the conflicts in the evidence and found Sanders guilty of the purposeful murder of Jerome Butler, we cannot say that the jury lost its way and committed a miscarriage of justice, or that its verdict lacked sufficient evidence. See State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The first two assignments of error are overruled.
The bases of Sanders's third and fourth assignments of error are remarks by the prosecutor during closing argument. Sanders argues that his attorney rendered ineffective assistance of counsel by failing to object to the remarks, which, he contends, were prejudicial because they shifted the burden of proof from the state. The prosecutor's comments were in response to the argument made by the defense in its closing argument that the jury should draw a negative inference from the state's failure to subject the pubic hair combed from the victim to DNA analysis. The clear implication was that the state had deliberately failed to fully develop the crime-scene evidence. To rebut the defense argument, the prosecutor asked the jury whether, if the defense had "really believed that the pubic hair would have matched that of Pamela Reed, wouldn't they have asked for that testing, or brought it to our attention in some fashion?" We do not consider the prosecutor's response improper rebuttal to the allegation of inadequate investigation made by the defense, nor do we hold defense counsel's failure to object to the comments a breach of duty to his client. We also note that the rape scenario was part of the defenses of "sudden passion" or "sudden fit of rage," for which Sanders bore the burden of proof.
In his fifth and final assignment of error, Sanders argues that the trial court abused its discretion by allowing into evidence several gruesome photographs of Jerome Butler's body. Because part of Sanders's defense was that he had acted out of an uncontrollable rage, it would seem that photographs highlighting the gruesome nature of the stabbings would have been illustrative of the defense theory. Because the nature of the wounds may have assisted the jury in its deliberations, we cannot say that their introduction constituted an abuse of discretion. See State v.Maurer (1984), 15 Ohio St.3d 239, 473 N.E.2d 768. Accordingly, Sanders's fifth and final assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Gorman, JJ.